IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAMIEN LARON MCDANIEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-08012-LSC |
| | ) | (2:13-cr-67-LSC-JEO) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Damien Laron McDaniel ("McDaniel"). (Docs. 1 & 2.) The Government opposes the motion. (Doc. 5.) McDaniel has replied in support. (Doc. 8.) For the reasons set forth below, the motion is due to be denied.

**I.      Background**

In October 2013, a six-count superseding indictment was issued against McDaniel. Count One charged McDaniel with possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count Two charged McDaniel for using and carrying a firearm in relation to the drug trafficking offense alleged in Count One, in violation of 18 U.S.C. §

924(c)(1)(A)(i); Counts Three and Six charged McDaniel with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); Count Four charged McDaniel with possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and Count Five charged McDaniel with possessing a firearm in furtherance of the drug trafficking offense alleged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A).

On December 6, 2013, this Court set a trial date of January 6, 2014. On December 17, 2013, McDaniel filed a *pro se* motion requesting new counsel to be appointed. On January 6, 2014, McDaniel's appointed counsel was allowed to withdraw, and McDaniel retained private counsel of his choosing. The jury panel was cancelled, and the trial was re-scheduled for February 7, 2014.

Before trial, McDaniel's new counsel negotiated a binding plea agreement with the Government, whereby the Government agreed to dismiss Count Five, saving McDaniel an additional 25 years' imprisonment. McDaniel agreed to plead guilty to the remaining counts, and he stipulated to a total sentence of 312 months' imprisonment, pursuant to the binding plea agreement.

On February 7, 2014, after a hearing in which this Court fully explained to McDaniel the binding aspect of his plea agreement, McDaniel pleaded guilty to

Counts One, Two, Three, Four, and Six. As part of the plea agreement, the Government agreed to dismiss Count Five at the sentencing hearing.

Before sentencing, McDaniel filed a *pro se* motion to suppress evidence. At the sentencing hearing on May 27, 2014, McDaniel made a *pro se* oral motion to withdraw his guilty plea. After a full hearing on the reasons why he wanted to withdraw his guilty plea, this Court denied the motion. Abiding by the binding plea agreement, this Court sentenced McDaniel to a total sentence of 312 months' imprisonment and entered judgment on May 29, 2014.

McDaniel appealed his conviction and sentence, raising the issue of the denial of his motion to withdraw his guilty plea and ineffective assistance of counsel. The Eleventh Circuit Court of Appeals affirmed the conviction and sentence on March 11, 2015, finding that this Court did not abuse its discretion in denying McDaniel's motion to withdraw his guilty plea. The Eleventh Circuit did not entertain the ineffective assistance of counsel claim on appeal. That decision was issued as a mandate on April 9, 2015.

McDaniel timely filed the instant motion on March 7, 2016, and it is his first such motion.

## II. Discussion

McDaniel raises three ineffective assistance of counsel claims in this proceeding. To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that that deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668 (1984). More specifically, McDaniel must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of *Strickland*, this Court must presume that the conduct of counsel was reasonable. *Id*. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000) (footnotes omitted). Additionally, the Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that no competent counsel would have taken the action that his counsel did take.

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

Similarly, the Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high," noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. *Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002).

Finally, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000).

### A. Counsel's Failure to Support McDaniel's *Pro Se* Motion to Withdraw his Guilty Plea at his Sentencing

Contrary to McDaniel's claim that counsel should have supported his motion to withdraw his guilty plea, his (retained) counsel actually negotiated a favorable deal for McDaniel by convincing the Government to dismiss Count Five, which carried a mandatory consecutive sentence of 25 years' imprisonment. To the extent McDaniel is really arguing that his guilty plea was not knowing and voluntary, such an argument is not only procedurally barred because it has already been rejected on direct appeal but it is also belied by the record. McDaniel signed his name at the end of the binding plea agreement itself, representing that he had "read and underst[ood] the provisions" of the agreement; he had "discussed the case and [his] constitutional and other rights with [his] lawyer"; and he was "satisfied" with his lawyer's representation. (Crim. Doc. 25 at 15-16.) McDaniel further represented that he had "read, underst[ood], and approve[d] all of the provisions of [the] Agreement, both individually and as a total binding agreement." (*Id.* at 16.) Similarly, counsel represented that he discussed the case with McDaniel in detail, that he advised McDaniel of all rights and all possible defenses, and that McDaniel conveyed he "underst[ood] this Agreement" and consented to all of its terms. (*Id.* at 17.)

Moreover, this Court conducted a thorough colloquy with McDaniel pursuant to Rule 11 of the Federal Rules of Civil Procedure and determined that McDaniel's plea was knowing and voluntary. McDaniel acknowledged under penalty of perjury that: he read the guilty plea advice of rights certification form and the plea agreement (Crim. Doc. 48 at 4, 18); his attorney reviewed each document with him before he signed them (*id.* at 5, 18); and he understood each document (*id.* at 3-4, 5, 18). McDaniel stated that his retained attorney was "great" and he had no complaints with the representation he received. (*Id.* at 4.) This Court then explained to McDaniel the elements of the charged offenses, the possible penalties, and the consequences of pleading guilty, and McDaniel acknowledged that he understood. (*Id.* at 9-13, 14-18.) McDaniel also acknowledged that the factual basis in the plea agreement was substantially correct. (*Id.* at 19.) He agreed that he had entered into a binding plea agreement with the Government. Finally, McDaniel acknowledged that no one coerced him in any way to plead guilty. (*Id.* at 20.) He then entered guilty pleas to Counts One, Two, Three, Four, and Six. (*Id.* at 21.) This Court accepted McDaniel's guilty pleas, finding McDaniel to be competent and informed, and aware of the nature of the charges and the consequences of his plea. (*Id.*) This Court further found "that the plea of guilty is a

knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses." (*Id.*)

When, four months later at his sentencing hearing, McDaniel made his *pro se* oral motion to withdraw his pleas, this Court heard from McDaniel on the motion. (Crim. Doc. 49 at 11-19.) McDaniel complained that he received the Presentence Investigation Report ("PSR") 12 days before sentencing and as a result he had been denied due process. (*Id.* at 11.) He also stated:

> I now ask this Honorable Court for a withdrawal of my plea agreement because there are many other things relating to due process as well as Sixth Amendment violations pertaining to my case that has recently become aware to the defendant.
>
> I also beg this Honorable Court for a new counsel that may infer due diligence to a client who is considered innocent until proven guilty. If this Honorable Court would not appoint new counsel to this indigent defendant, the defendant prays that the court will provide sufficient time and the legal resources to the defendant so that he may represent himself sufficiently.
>
> Your honor, I pray you understand that there are many things wrong with my PSI as well as my plea agreement.

(*Id.* at 11-12.)

This Court then entered into the following exchange with McDaniel:

The Court: All right. Let's kind of take things one step at a time. You had counsel originally appointed, I believe, in this case. I'm working toward getting

|  | your electronic file up here for just a second. I think it was Mr. Collins, Derrick Collins. |
|---|---|
| McDaniel: | Yes, Sir. Correct, Your Honor. |
| The Court: | And you asked that this Court terminate his representation of you and allow your current counsel to represent you? |
| McDaniel: | Yes, Sir. Yes, Sir. |
| The Court: | You actually retained him, correct? |
| McDaniel: | Yes, Sir. |
| The Court: | Is that correct? |
| McDaniel: | Yes, Sir, Your Honor. |
| The Court: | And we had your case set for trial, If I remember right, the first time and had a jury - - was it the morning of the trial? I can't remember. It was morning of the trial - - yeah, it was the morning we had your trial ready to start that you did that, when we replaced your counsel. Remember that? |
| McDaniel: | Yes, Sir, Your Honor. |
| The Court: | And you and I had a long conversation at that time. And your current counsel said he would be ready to try the case and we actually moved the case off a number of months to allow him to do that. We had, I think, some capital cases and what-not going, if I remember right. And we were glad to accommodate him to move the case off. Then when we got ready for the trial, you entered into a binding plea with the government, binding plea as I explained means I don't really have a choice. I can |

|            | either reject it totally, which I can do now, or I can accept it. And the binding plea was for 312 months for the total counts. And, see, the plea agreement in this particular point in time is, I am either bound by it or I am not. |
|---|---|
| McDaniel: | Yes, Sir, Your Honor. |
| The Court: | And the presentence investigation is to help me decide whether or not I want to go along with that plea agreement or not. If I am going to reject the plea agreement, I guess then the presentence investigation, and you really want the plea agreement, you want that 312 months, then sure, I can see how that could affect you in the negative way. But if I am going to accept that plea agreement and sentence you to 312 months, I don't know how in the world anything in your presentence investigation would be affecting you. Do you understand what I am saying? |
| McDaniel: | Yes, Sir, Your Honor. |

(*Id.* at 12-14.)

This Court then asked McDaniel about the *pro se* motion to suppress McDaniel filed. (*Id.* at 14-15.) McDaniel stated that he wanted to suppress evidence that was seized from him on September 19, 2012 because "[he] hadn't did anything to warrant an intrusion of my person on that day." (*Id.* at 15.) This Court reminded McDaniel of his statements at the plea hearing:

| The Court: | You remember when we had a conversation at the time I took the plea agreement and there was a |
|---|---|

Page 10

|               | factual basis in the plea agreement, do you remember that? |
|---|---|
| McDaniel:     | It was what, sir? |
| The Court:    | A factual basis. A bunch of facts written out. Show him the plea agreement. Remember, we talked about the factual basis of your plea and I asked you if all that was true? And what did you tell me then? |
| McDaniel:     | Yes, Sir, I took - - - |
| The Court:    | You said everything was true. And I said you are under oath now, you can't lie to me. If you lie to me, what did I tell you could happen? |
| McDaniel:     | I would think perjury. |
| The Court:    | That's right. You would be charged with an additional count of perjury. I said don't lie to me, tell me the truth. |
| McDaniel:     | No, sir, I won't. |
| The Court:    | I am talking then. At that time, you told me what was in the plea agreement was true. Now, are you telling me now it's not true what's in the plea agreement? |
| McDaniel:     | I was taking advice of my attorney. |
| The Court:    | That's not what I asked you. |
| McDaniel:     | Yes, sir, that's not true right there. That's written down. |
| The Court:    | Okay. Uh-huh. Any other reason why you want to - - then you said you want to withdraw your plea |

|            |                                                                                                                                                                                                                                                |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | because there are things in the presentence report that are inaccurate and wrong.                                                                                                                                                              |
| McDaniel:  | Yes, sir.                                                                                                                                                                                                                                      |
| The Court: | What?                                                                                                                                                                                                                                          |
| McDaniel:  | They have in there about murder, that I was accused of, and that was clear of and they still in there, and I felt that it would create a bias. It would make - -                                                                               |
| The Court: | Bias for who? Like me against you?                                                                                                                                                                                                             |
| McDaniel:  | Yes, sir. Yes, sir, I do.                                                                                                                                                                                                                      |
| The Court: | All right. Well, see, this is the thing. If I am prepared to accept your guilty plea - - I mean your sentence, this plea agreement, and sentence you to how you say you originally wanted to be sentenced - -                                  |
| McDaniel:  | Yes, sir.                                                                                                                                                                                                                                      |
| The Court: | - - Then clearly I might have a bias against you or not, but I am not being affected by it.                                                                                                                                                    |
| McDaniel:  | Yes, sir.                                                                                                                                                                                                                                      |

(*Id.* at 15-18.)

This Court then asked McDaniel if he wanted to withdraw his pleas knowing that it would open him up to the entire range of punishment. (*Id.* at 18.) McDaniel

Page 12

still wanted to withdraw them. (*Id.* at 18.) This Court then denied McDaniel's motion to withdraw his guilty pleas and his motion to suppress. (*Id.* at 19.)

McDaniel argues in this § 2255 motion that any reasonably competent attorney would have supported his motion to withdraw his guilty plea. On the contrary, his counsel actually saved him a potential 25-year consecutive sentence by negotiating this plea bargain, and McDaniel also avoided additional perjury charges. For McDaniel to now claim that he was "suffering from severe stress and duress" and that his "counsel and the Government were manipulating him into pleading guilty" is simply unsupported by the record.

Moreover, there is nothing in the record to indicate that even had McDaniel's attorney supported this *pro se* motion to withdraw the guilty plea, that this Court would have granted the motion. This Court reached its decision on the withdrawal motion after a thorough analysis of the situation. Not only was McDaniel's attorney not deficient in his performance, but McDaniel certainly was not prejudiced by the Court accepting the negotiated binding plea agreement.

**B.    Counsel's Failure to Argue that the 312 Month Sentence was Greater than Necessary at Sentencing**

McDaniel next argues that his counsel was constitutionally ineffective for failing to argue that 312 months' imprisonment (the agreed-upon sentence in the binding plea agreement that he entered into voluntarily) was greater than necessary

under the circumstances of his case. McDaniel's main argument is that based upon his conviction for Counts One, Two, Three, Four, and Six, his sentencing guideline range was 140-175 months, plus a consecutive sentence of 60 months, and that a 312 month sentence exceeds that range. What McDaniel ignores, however, is that had he been convicted for Count Five as well, his sentencing guideline range would have been 140-175 months, plus a consecutive sentence of 360 months. By negotiating away a conviction for Count Five, McDaniel's attorney actually saved him 300 months of imprisonment. McDaniel's argument that his attorney was ineffective at sentencing for failing to ask the Court to sentence him below the agreed-upon total sentence of 312 months is unsupported by the record. Considering McDaniel's criminal history (Category VI) and the circumstances of this case, had McDaniel's attorney argued for a lesser sentence, the argument would not have been successful.

    **C.    Counsel's Failure to Object to the Sentence Being Based on "Brandishing" of the Firearm**

McDaniel's final ineffective assistance of counsel claim is based on incorrect facts. McDaniel claims that he was sentenced for "brandishing" the firearm and therefore received a 72-month consecutive sentence for Count Two based on the brandishing. Nowhere in the record is there any mention of McDaniel brandishing the firearm. It is not in the indictment or plea agreement, nor is it in the PSR. The

Court based its sentence for Count Two on McDaniel using and carrying the firearm, not brandishing it. While it is true that this Court sentenced McDaniel to 72 months for Count Two, the statute allowed the Court to sentence him from 60 months to Life imprisonment for that conviction. The Court simply fashioned its sentence in such a manner to reach the 312-month total imprisonment term, as agreed upon by the parties in the binding plea agreement. The judgment provided a 240 month sentence for Count One, a 120 month sentence for Counts Three and Six, and a 60 month sentence for Count 4, each of these counts to be run concurrently with the other. The judgment provided a 72 month sentence for Count Two, to be run consecutively to Counts 1, 3, 4, and 6. In this manner, the Court achieved a total sentence of 312 months. So while the Court could have imposed the minimum 60 month sentence for Count Two, it chose 72 months to reach the desired goal. Counsel was not ineffective for failing to object to the Court's sentence, since McDaniel was not sentenced for brandishing the firearm.

### III. Conclusion

Because McDaniel has failed to show that his counsel's representation fell below an objective standard of reasonableness and has failed to demonstrate a reasonable probability that counsel's performance affected the outcome of the case, there is no basis for granting relief for ineffective assistance of counsel. For this

reason, McDaniel's § 2255 motion is due to be denied and this action dismissed with prejudice.

Additionally, a certificate of appealability will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). McDaniel's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in McDaniel's motion, it is due to be denied.

A separate order will be entered consistent with this opinion.

**DONE** AND **ORDERED** ON FEBRUARY 12, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704